UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WALTER SPENCER, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:08-0571 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| RYDER INTEGRATED LOGISTICS, INC., ) | |
| a.ka. RYDER SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the court is defendant Ryder Truck Rental, Inc's ("Ryder's") Motion for Summary Judgment (Docket No. 29) to which the plaintiff, Walter Spencer, has not responded.[1] On July 27, 2009, the court entered an Order requiring the plaintiff to respond to this motion within 30 days and forewarning him that his failure to timely respond could result in the dismissal of his case. (Docket No. 32.) For the reasons discussed herein, the defendant's motion will be granted.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's

---

[1] As a technical matter, Ryder contends that it has been improperly labeled by the plaintiff as Ryder Integrated Logistics, Inc., a.k.a. Ryder System, Inc.

1

claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

If the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which she has the burden, however, the moving party is entitled to summary judgment as a matter of law. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the non-moving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). If the evidence offered by the non-moving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the non-moving party, the motion for summary judgment should be granted. *Anderson*, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment

2

inappropriate." *Hill v. White*, 190 F.3d 427, 431 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 247-49).

The court, may not, however, grant the defendant's summary judgment motion solely on the grounds that the plaintiff has not responded. Rather, "[t]he court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that [the defendant] has discharged ... the burden of demonstrating the absence of a genuine issue as to a material fact." *Stough v. Mayville Cmty Schs.*, 138 F.3d 612, 614 (6th Cir. 1998)(internal quotation omitted). The court, therefore, will consider whether the defendant has met his burden under the summary judgment standard.

In August 2003, the plaintiff began working for Ryder as a "service employee" at Ryder's Clarksville, Tennessee facility. (*See generally* Docket No. 30.) The plaintiff was the least skilled worker on the site, performing basic, entry level work such as cutting grass and washing and fueling trucks. (*Id.*) On August 5, 2006, the plaintiff suffered an on-the-job injury, and he was, therefore, placed on "light duty" for about three months before being placed on a worker's compensation leave of absence. (*Id.*; Docket No. 31 Ex. A at 2-3.) While the plaintiff was on this leave of absence, he was laid off, effective November 27, 2006, as part of a reduction in force of sixty-one Ryder employees. (*Id.*) The plaintiff's position was eliminated because the plaintiff was the least skilled employee at a facility that Ryder recognized as overstaffed and not sufficiently profitable, and his job duties could be (and were) absorbed by more senior individuals at the plant. (*Id.*)

In his Amended Complaint, the plaintiff asserts claims for racial discrimination in violation of 42 U.S.C. § 2000(e) *et seq.* (Title VII) and disability discrimination in violation of 42

3

U.S.C. § 12101 *et seq.* (the Americans with Disability Act.). (Docket No. 20.) Prior to filing his Amended Complaint, the plaintiff had dismissed his claim of retaliatory discharge, which was based on the allegation that the plaintiff had been fired in retaliation for availing himself of workers' compensation benefits. (Docket Nos. 1, 13-14.)

As the plaintiff repeatedly testified in his deposition, he believed that he was terminated for taking workers' compensation benefits, and for no other reason. (Docket No. 31 Ex. C at 60-61, 86.) That is, as the defendant states, "it is crystal clear from plaintiff's own deposition testimony that his claim of discrimination is based upon his work-place injury rather than his race or any alleged disability." (Docket No. 31 at 7.) Again, the plaintiff has dismissed his claim for retaliatory discharge based on the workplace injury.

The *McDonnell Douglas* burden-shifting standards for addressing claims of racial and disability discrimination are well known, and it is not necessary to walk through them here. Under this standard, in any event, the plaintiff would have to put forth evidence that he was discriminated against on the basis of his race or his disability. *See Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 597 (6th Cir. 2007); *Timm v. Wright State Univ.*, 375 F.3d 418, 423 (6th Cir. 2004). As discussed above, the plaintiff himself does not contend that he was discriminated against on these bases. Rather, the evidence is clear that the plaintiff was terminated as part of a cost-cutting reduction in force, by which his entry-level position was eliminated from a facility that was already overstaffed and not sufficiently profitable. There is simply no evidence that the plaintiff's race or any alleged disability played any role whatsoever in the plaintiff's termination, and, therefore, the plaintiff's claims are without merit.

For the reasons discussed herein, the defendant's unopposed Motion for Summary

Judgment (Docket No. 29) is **GRANTED** and this matter is hereby **DISMISSED.** Entry of this Order shall constitute the judgment in this action.

It is so Ordered.

Entered this 1st day of September 2009.

_____
ALETA A. TRAUGER
United States District Judge